UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

DANI MIRO,

                                                                       Plaintiff,

                -against-

THE CITY OF NEW YORK, DETECTIVE MATTHEW
DELROSARIO, shield # 461, DETECTIVE HECTOR
RODRIGUEZ, shield # 5980, DETECTIVE AGAPITO
SOLER, shield # 5009, DETECTIVE SHANTE
TERRELL, shield # 04424, CAPTAIN STEPHEN
BONUSO, tax 897054, SERGEANT ARTHUR BRYANT,
shield # 1880,

                                                                       Defendants.

**FIRST AMENDED COMPLAINT**

CV 11 5095 (BMC)

Jury Trial Demanded

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

        1.      Plaintiff, a young woman without a criminal record, brings this civil rights action against the City of New York and several New York City Police Officers of Narcotics Borough Brooklyn South alleging that, on June 21, 2011, defendants violated her rights under 42 U.S.C. § 1983, the Fourth Amendment to the United States Constitution and New York state law by falsely arresting her for a narcotics offense and using excessive force on her.  The Office of the Special Narcotics Prosecutor declined to prosecute plaintiff causing plaintiff to be released from custody on June 22, 2011.  Plaintiff seeks compensatory and punitive damages, attorney's fees and costs and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

        2.      This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth Amendment to the United States Constitution.  Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3. Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide her New York state law claims of false arrest, assault, battery and vicarious liability which form part of the same case and controversy as her federal claims under Article III of the United States Constitution.

4. A notice of claim was duly filed with the City of New York within 90 days of the incident, more than 30 days have elapsed since such filing and the City has not offered to settle plaintiff's state law claims.

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to plaintiff's claims occurred in this District and because some or all of the defendants reside in this District.

## PARTIES

6. Plaintiff is a resident of Brooklyn.

7. The City of New York is a municipal corporation organized under the laws of the State of New York

8. The individual defendants are members of the New York City Police Department ("NYPD"). The defendants were acting under color of state law and in their capacities as members of the NYPD at all relevant times. The defendants are liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct. The defendants are sued in their individual capacities.

## STATEMENT OF FACTS

9. On June 21, 2011, plaintiff went to visit her boyfriend, Patrick Anthony, who lives with his family at 945 42nd Street in Brooklyn.

10. Anthony and plaintiff stood outside the home as Anthony washed his car.

11. Plaintiff did not enter Anthony's home that day nor had she entered the home for several months because she has differences with Anthony's mother.

12. At approximately 6:45 p.m., the individual defendants, officers of Narcotics Borough Brooklyn South, arrived on the scene and arrested Anthony and his family for allegedly having narcotics in their home and a marijuana cigarette in Anthony's car.

13. The defendants, to enhance their arrest records and earn additional overtime, arrested plaintiff although plaintiff never entered Anthony's home or car and was not the target of the search warrant.

14. Two of the defendants handcuffed plaintiff excessively tight causing pain and bruising.

15. Although plaintiff cried from the pain, the defendants refused to loosen the cuffs.

16. Defendants took plaintiff to the 72nd Precinct where she was held for several hours without being allowed to make a telephone call.

17. While plaintiff was held in a cell in the precinct, one of the defendants, with the knowledge and approval of the other defendants, misrepresented in police reports that plaintiff had possessed narcotics.

18. Later, two of the defendants took plaintiff to Manhattan Central Booking where she was held under horrendous conditions with rodents and roaches.

19. While plaintiff was held in Central Booking, one of the defendants, with the knowledge and approval of the other defendants, misrepresented to prosecutors that plaintiff had possessed narcotics.

20. The Office of the Special Narcotics Prosecutor declined to prosecute plaintiff causing plaintiff to be released from custody on June 22, 2011, at approximately 8:00 p.m.

21. Plaintiff suffered damage as a result of defendants' actions.  Plaintiff suffered an unlawful detention for over 24 hours, pain and physical injuries, emotional distress, fear, anxiety, humiliation and damage to reputation.

## FIRST CLAIM

### (FALSE ARREST)

22. Plaintiff repeats the foregoing allegations.

23. At all relevant times, plaintiff did not commit a crime or violation.

24. Despite plaintiff's innocence, the defendants arrested plaintiff or failed to intervene to prevent her false arrest.

25. Accordingly, defendants are liable to plaintiff under the Fourth Amendment for false arrest.

## SECOND CLAIM

### (UNREASONABLE FORCE)

26. Plaintiff repeats the foregoing allegations.

27. Defendants' use of force upon plaintiff was objectively unreasonable and caused plaintiff pain and injury.

28. Accordingly, defendants are liable to plaintiff under the Fourth Amendment for using unreasonable force on her

## THIRD CLAIM

### (FAILURE TO INTERVENE)

29. Plaintiff repeats the foregoing allegations.

30. Defendants had a reasonable opportunity to prevent the violations of plaintiff's constitutional rights, but they failed to intervene.

31. Accordingly, defendants are liable to plaintiff under the Constitution for not intervening to prevent the violation of plaintiff's rights.

## FOURTH CLAIM

### (*MONELL* CLAIM AGAINST THE CITY OF NEW YORK)

32. Plaintiff repeats the foregoing allegations.

33. The City of New York is a "person" within the meaning of 42 U.S.C. § 1983.

34. The City of New York, through a policy, practice or custom, directly caused the constitutional violations suffered by plaintiff.

35. Upon information and belief, the City of New York, at all relevant times, was aware that the defendants and other members of the NYPD, especially narcotics officers, are unfit officers who have previously committed acts similar to those alleged herein, have a propensity for unconstitutional conduct and/or have been inadequately trained.

36. Numerous members of the NYPD have been arrested and convicted of such crimes as planting evidence on suspects, falsifying police reports, corruption, theft, robbery, selling narcotics, smuggling weapons, fixing tickets, driving under the influence of alcohol, vehicular homicide, assault and domestic violence.

37. Former NYPD Commissioner Bernard Kerik was convicted of corruption-related crimes in federal and state court and served time in federal prison.

38. In 2011, former Brooklyn South narcotics officer Jerry Bowen was convicted of murder and attempted murder while under indictment for corruption.

39. In October 2011, former Brooklyn South narcotics officer Jason Arbeeny was convicted in New York Supreme Court, Kings County, of planting drugs on two individuals and falsifying arrest reports. Before issuing a verdict of guilty, the judge scolded the NYPD for what he described as a "widespread culture of corruption endemic in its drug units." The judge further stated that the testimony demonstrated that the NYPD narcotics divisions maintain a "cowboy culture" and that he was "shocked, not only by the seeming pervasive scope of misconduct but even more distressingly by the seeming casualness by which such conduct is employed."

40. Most of the defendants in this case have been sued numerous times in federal court for civil rights violations.

41. In *Colon v. City of New York,* Nos. 09 CV 8, 09 CV 9 (JBW), 2009 WL 4263362 (E.D.N.Y. November 25, 2009), the federal court stated that an "[in]formal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department."

42. Despite the above, the City exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline and monitor the defendants and other officers like them.

43. The City's failure to act resulted in the violation of plaintiff's constitutional rights as described herein.

## FIFTH CLAIM

### (FALSE ARREST UNDER STATE LAW)

44. Plaintiff repeats the foregoing allegations.

6

45. At all relevant times, plaintiff did not commit a crime or violation.

46. Despite plaintiff's innocence, the defendants arrested plaintiff or failed to intervene to prevent her false arrest.

47. Accordingly, the defendants are liable to plaintiff under New York state law for false arrest.

## SIXTH CLAIM

### (ASSAULT)

48. Plaintiff repeats the foregoing allegations.

49. Defendants' search and tight handcuffing of plaintiff placed her in fear of imminent harmful and offensive physical contacts which injured her.

50. Accordingly, the defendants are liable to plaintiff under New York state law for assault.

## SEVENTH CLAIM

### (BATTERY)

51. Plaintiff repeats the foregoing allegations.

52. Defendants' search and tight handcuffing of plaintiff were offensive and nonconsensual physical contacts which injured her.

53. Accordingly, the defendants are liable to plaintiff under New York state law for battery.

## EIGHTH CLAIM

### (VICARIOUS LIABILITY CLAIM AGAINST CITY OF NEW YORK)

54. Plaintiff repeats the foregoing allegations.

55. The individual defendants were acting within the scope of their employment as members of the NYPD when they falsely arrested, assaulted and battered plaintiff.

56. Accordingly, the City of New York is vicariously liable to plaintiff under New York state law for the aforesaid torts.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

a. Compensatory damages in an amount to be determined by a jury;

b. Punitive damages in an amount to be determined by a jury;

c. Attorney's fees and costs;

d. Such other and further relief as the Court may deem just and proper.

DATED: January 10, 2012

/s/

_____
RICHARD CARDINALE
Attorney at Law
26 Court Street, Suite # 1815
Brooklyn, New York 11242
(718) 624-9391